```
 1
 2
 3
 4
 5
 6
 7                  IN THE UNITED STATES DISTRICT COURT
 8                FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
    RED BULL GmbH,                    )
10                                    )
                       Plaintiff,     )   2:05-cv-0900-GEB-JFM
11                                    )
         v.                           )
12                                    )   ORDER
    RED RAVE, INC., a Nevada          )
13  corporation, and CARYl COCHRAN,   )
    an individual,                    )
14                                    )
                       Defendants.    )
15  _____)
16
```

On May 1, 2006, the parties filed a "Stipulation for Entry of Final Judgment, Including [a] Permanent Injunction Against Defendants . . ." ("the Stipulation"). The Stipulation reveals the parties have reached a settlement in this action. Nonetheless, the parties request the Court enter the proposed final judgment and permanent injunction attached to the Stipulation as Exhibit A. However, the Stipulation does not indicate that Defendants will not abide by the parties' agreed upon settlement, such that a permanent injunction and retention of jurisdiction to enforce the settlement is required.

"[T]he mere fact that the parties agree that the court should [grant a permanent injunction and] exercise continuing

1  jurisdiction is not binding upon the court." Arata v. Nu Skin Int'l,
2  Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).  "According to well
3  established principles of equity, a plaintiff seeking a permanent
4  injunction must satisfy [the injunctive relief] test before a court
5  may grant such relief." Ebay v. Mercexchange, --- U.S. ----, 2006 WL
6  1310670 at *2 (May 15, 2006).  The injunctive relief test includes an
7  inquiry into "whether future violations are sufficiently likely to
8  warrant an injunction." United States v. Laerdal Mfg. Corp., 73 F.3d
9  852, 856 (9th Cir. 1995).  Here, the parties have not shown the need
10 for a permanent injunction.  Therefore, the Court will not enter the
11 permanent injunction proposed by the parties.
12         Additionally, exercising jurisdiction over the parties'
13 settlement has not been shown "essential to the conduct of federal-
14 court business." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
15 375, 382 (1994).  Therefore, jurisdiction will not be exercised over
16 the parties' settlement.
17         Since the Stipulation reveals this action has been settled,
18 and the proposed injunction will not be issued and jurisdiction will
19 not be exercised over the parties' settlement, this action is
20 dismissed without prejudice. See Oswalt v. Scripto, Inc., 616 F.2d
21 191, 194 (5th Cir. 1980) (revealing that when a settlement is
22 tantamount to a stipulated dismissal, a dismissal order should issue).
23 The Clerk of the Court is directed to close this action.
24         IT IS SO ORDERED.
25 Dated:  June 13, 2006

                                /s/ Garland E. Burrell, Jr.
27                              GARLAND E. BURRELL, JR.
                                United States District Judge

2